FILED



**NOT FOR PUBLICATION**

AUG 18 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CARA A. BURKE,

                Plaintiff - Appellant,

    v.

PITNEY BOWES INC.
LONG TERM DISABILITY PLAN,

                Defendant - Appellee.

No. 09-16608

D.C. No. 3:04-CV-04483-MHP

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Marilyn Hall Patel, District Judge, Presiding

Argued and Submitted July 15, 2010
San Francisco, California

Before:  W. FLETCHER and M. SMITH, Circuit Judges, and TODD, Senior
District Judge.[**]

    In this appeal governed by ERISA, Appellant Cara A. Burke appeals the

district court's decision in favor of Appellee Pitney Bowes Inc. Long Term

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]    The Honorable James Dale Todd, Senior United States District Judge
for the Western District of Tennessee, sitting by designation.

Disability Plan following the termination of her long term disability benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. The parties are familiar with the facts of the case so we repeat them here only to the extent necessary to explain our decision.

"We review de novo a district court's choice and application of the standard of review" to the plan administrator's decision. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 962 (9th Cir. 2006) (en banc). Factual findings are reviewed for clear error. *Id.* In this case, the plan granted the administrator discretionary authority to determine eligibility for benefits and construe the plan's terms. Therefore, we review the decision for abuse of discretion. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Where, as here, the plan administrator is also the source of funding for the plan, the structural conflict of interest is a factor to be considered in that review. *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 S. Ct. 2343, 2350-51 (2008); *Abatie*, 458 F.3d at 968-69. *See also Conkright v. Frommert*, — U.S. — , 130 S. Ct. 1640, 1646 (2010) (reiterating that under *Metropolitan Life*, if discretionary authority is granted to the plan administrator, "a deferential standard of review remains appropriate even in the face of a conflict").

2

The plan administrator terminated Burke's benefits based on the report of an independent medical examination ("IME") in which Dr. Richard J. Barry opined that she could return to light duty work. Burke appealed and submitted additional medical evidence from a treating physician who strongly disagreed with Dr. Barry's conclusions. While the appeal was under consideration, the plan administrator requested that Burke undergo a second IME by Dr. Barry so that he could respond to the new medical evidence. Burke refused, contending that the request was unreasonable.

The provisions of the plan specifically conditioned the payment of benefits on the administrator's right to require the employee to submit periodically to an IME. The plan also expressly provided that benefits could be terminated for refusal to attend a scheduled IME. Nevertheless, Burke persisted in her refusal even after she was warned that her benefits could be terminated on that basis alone.

Contrary to Burke's arguments, it was reasonable for the plan administrator to request a second IME in order to allow Dr. Barry to consider whether his opinion had changed in light of the contrary evidence from her treating physician. Assuming, without deciding, that the plan is even required to show it has suffered prejudice before denying benefits on the basis of a participant's refusal to comply

3

with a procedural requirement, Burke's failure to attend the IME prejudiced the administrator's ability to determine whether her claim was meritorious.

Even taking into account as a factor the plan administrator's structural conflict of interest, the termination of Burke's benefits for her failure to attend the IME  was not an abuse of discretion.

**AFFIRMED**.